**John DOE, Plaintiff–Appellant,**

v.

**NATIONAL MEDICAL SERVICES, Defendant–Appellee.**

No. 90–1349.

United States Court of Appeals, Tenth Circuit.

Aug. 31, 1992.

Barry D. Roseman, Denver, Colo. (Craig M. Cornish, Colorado Springs, Colo., with him on the brief), for plaintiff-appellant.

Peter R. Bornstein of Berenbaum & Weinshienk, Denver, Colo., for defendant-appellee.

Before BALDOCK and SETH, Circuit Judges, and BENSON, District Judge [*].

BENSON, District Judge.

In this action, the plaintiff-appellant, John Doe, appeals an Order of the United States District Court for the District of Colorado dismissing his Complaint against defendant-appellant, National Medical Services, Inc., ("NMS") for lack of personal jurisdiction. 748 F.Supp. 793 (D.Colo.1990).

### Background

Doe is a resident and citizen of the state of Colorado. From November 1987 through July 1988, he was employed as a nurse by Parkview Episcopal Hospital ("Parkview") in Pueblo, Colorado. Smith–Kline Bio–Sciences Laboratories ("Smith–

Kline"), located in Van Nuys, California, is a company which performs drug testing on urine samples. NMS, located and incorporated in Pennsylvania, also engages in urinalysis drug testing.

In early 1988, Doe entered a substance abuse program affiliated with Parkview Hospital. After successfully completing the program, Doe returned to work as a nurse at Parkview. Doe's continued employment was conditioned on the requirement that he submit to random urinalysis drug testing.

Smith–Kline had a contract with Parkview to test samples collected by the hospital. Two of Doe's urine samples, collected by Parkview, were sent to Smith–Kline in California for testing. Smith–Kline, however, did not test the samples itself. Rather, it sent them to be tested by NMS in Pennsylvania.

NMS reported to Smith–Kline that Doe's samples tested positive for drug use. Smith–Kline conveyed these results to Parkview in Colorado. In July, 1988, Parkview terminated Doe's employment. It also reported the results of the drug tests to a prospective employer, and to the Colorado Board of Nursing.

Plaintiff initiated this lawsuit against NMS in the district court of Colorado.[**] The Complaint alleges that NMS was reckless and negligent in performing the drug tests, and that it published false and defamatory statements in connection with the tests.

NMS responded to the Complaint by filing a motion to dismiss for lack of personal jurisdiction. In connection with the motion to dismiss, the following facts are not disputed by the parties:

Doe's samples were mailed to NMS in Pennsylvania by Smith–Kline in California. They were identified only by a bar code. NMS did not know that the samples had been received from Colorado, or that the

---

[*] Honorable Dee Benson, of the United States District Court for the District of Utah, sitting by designation.

[**] The Complaint also named Smith–Kline as a defendant. The claims against Smith–Kline, however, were later dismissed pursuant to a stipulation of the parties.

results of the tests would be communicated to entities in Colorado.

NMS conducts all tests in its Pennsylvania laboratories. NMS solicits no business in Colorado. It has no employees, agents, or sales representatives in Colorado. It does not have an office in Colorado. It owns no property there. All of NMS' clients are obtained through word of mouth or personal relationships.

NMS transacts business with four Colorado companies. Over a five year period, from 1984 to 1989, NMS performed 3,493 tests (an average of approximately 700 per year at a total cost of approximately $810,-000) for its Colorado clients. Doe's samples were not sent to NMS by any of these clients. They were submitted by Smith-Kline in California.

After considering the evidence presented, the district court ruled in favor of NMS and dismissed the Complaint. It found that NMS did not have sufficient contacts with Colorado to support either specific or general jurisdiction. On appeal, Doe contests the district court's holding. He argues that NMS should be subject to jurisdiction in Colorado under either a specific or general jurisdiction analysis.

### Standard of Review

District court rulings on jurisdictional issues are to be reviewed de novo. *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir.1988). The plaintiff bears the burden of establishing that the exercise of personal jurisdiction over the defendant is proper. In the preliminary stages of the litigation, however, that burden is light. Prior to trial, the plaintiff is only required to establish a prima facie showing of jurisdiction. All disputes of fact are to be construed in a light most favorable to the plaintiff. *Behagen v. Amateur Basketball Ass'n of the United States*, 744 F.2d 731, 733 (10th Cir.1984).

### Discussion

The exercise of personal jurisdiction over a non-resident defendant must comply with the forum state's long-arm statute as well as constitutional due process requirements. In the present case, the district court found that jurisdiction was proper under Colorado's long-arm statute. Colo. Rev.Stat. § 13–1–124(1)(b). However, the court found that the imposition of jurisdiction over NMS in this case would violate NMS' constitutional protection of due process.

### Specific Jurisdiction

Under the due process clause of the Fourteenth Amendment, personal jurisdiction may not be asserted over a party unless that party has sufficient "minimum contacts" with the state, so that the imposition of jurisdiction would not violate "traditional notions of fair play and substantial justice." *Helicopteros Nacionales De Columbia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945)).

Specific jurisdiction may be asserted if the defendant has "purposefully directed" its activities toward the forum state, and if the lawsuit is based upon injuries which "arise out of" or "relate to" the defendant's contacts with the state. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985) (citing *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774, 104 S.Ct. 1473, 1478, 79 L.Ed.2d 790 (1984), and *Helicopteros*, 466 U.S. at 414, 104 S.Ct. at 1872). The contacts must be established by the defendant itself. "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239–40, 2 L.Ed.2d 1283 (1958).

In the present case, NMS had four Colorado clients, for whom it performed almost 3,500 tests in a five-year period. However, Doe's lawsuit is not based on any action of these clients, nor on any test performed for them. Parkview Hospital did not send Doe's samples to any of the Colorado companies. The samples were

sent to Smith–Kline in California. NMS received the samples from Smith–Kline. There was nothing to indicate that the samples had been obtained from Doe in Colorado. NMS did not know, nor could it have known, that the samples had originated in Colorado. Thus, although NMS had contacts with Colorado clients, Doe's alleged injuries did not arise out of those contacts.

Doe contends, however, that even if his claim does not "arise out of" NMS' contacts with the Colorado clients, it nevertheless "relates to" those contacts. The Supreme Court has not addressed whether there is a distinction in specific jurisdiction analysis between suits which "arise out of" and those which "relate to" the defendant's contacts with the forum state. *See Helicopteros*, 466 U.S. at 415 n. 10, 104 S.Ct. at 1872 n. 10. However, even if such a distinction is to be made, the relationship between Doe's alleged injuries and NMS' Colorado contacts is too remote. This litigation does not sufficiently relate to NMS' contacts with Colorado so as to make specific jurisdiction proper.

Furthermore, with respect to the tests performed on the Doe samples, it cannot be said that NMS purposefully directed its activities toward the state of Colorado. The link with Colorado was based solely on the unilateral activity of Smith–Kline. Smith–Kline's contacts with Colorado cannot be used to impose personal jurisdiction on NMS. *See id.* at 417, 104 S.Ct. at 1873.

Accordingly, because Doe's alleged injury does not arise out of or relate to NMS' contacts with Colorado, and because NMS, in performing the drug test on the Doe samples, did not purposefully direct its activities toward Colorado, the exercise of specific jurisdiction over NMS is improper.

*General Jurisdiction*

■ Under general jurisdiction, a nonresident defendant may be subject to a state's jurisdiction even where the alleged injury is unrelated to the defendant's contacts with the forum state. If the defendant's contacts with the state are strong enough, the state may assert jurisdiction over the defendant on *any* matter, whether or not it arises out of the defendant's con-

tacts with the state. *See Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 446, 72 S.Ct. 413, 418, 96 L.Ed. 485 (1952).

■ For general jurisdiction, the defendant's contacts with the state must be greater than those required for specific jurisdiction. Rather than looking at a specific injury linked to particular contacts, we look to the defendant's general contacts with the state. We look to see whether there are "continuous and systematic general business contacts," *Helicopteros*, 466 U.S. at 415, 104 S.Ct. at 1872; *see also Perkins*, 342 U.S. at 438, 72 S.Ct. at 414, so that the defendant could reasonably anticipate being haled into court in that forum. *See Burger King*, 471 U.S. at 474, 105 S.Ct. at 2183 (citing *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980)).

As with specific jurisdiction, the unilateral activity of another party "is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Helicopteros*, 466 U.S. at 417, 104 S.Ct. at 1873.

■ In the present case, we find that NMS' contacts with the state of Colorado are insufficient to support an assertion of general jurisdiction. NMS does not have traditional general business contacts with Colorado. It owns no property and has no agents in the state. It has no presence in Colorado and solicits no business there.

NMS' only contacts with Colorado were the tests performed on urine samples received in the mail from Colorado clients. These samples were received and tested in Pennsylvania. They were not solicited by NMS, but were sent by the Colorado clients to be tested in Pennsylvania. Such contacts are not business contacts of the type necessary to support general jurisdiction. They are the result of unilateral activity by third parties. Under the circumstances of this case, NMS could not reasonably anticipate being haled into court in Colorado for matters unrelated to its contacts with the Colorado clients.

### Conclusion

The due process clause of the constitution prevents the exercise of jurisdiction over NMS in this case. Under both a general and specific jurisdiction analysis, NMS' contacts with Colorado are insufficient to warrant the exercise of jurisdiction over NMS without violating traditional notions of fair play and substantial justice. The district court's Order dismissing Doe's Complaint against NMS for lack of personal jurisdiction is hereby AFFIRMED.

IT IS SO ORDERED.