46 F.3d 1150
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert L. BUCKHANNON, Plaintiff-Appellant,
v.
MONARCH LIFE INSURANCE COMPANY, Defendant,
and
Lloyd L. Osborne, Defendant-Appellee.
 No. 94-1071.
 United States Court of Appeals, Tenth Circuit.
 Feb. 2, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This appeal arises from the district court's dismissal of plaintiff's complaint for lack of personal jurisdiction.[2] Plaintiff purchased a disability insurance policy from Monarch Life Insurance Company; defendant was the Monarch agent with whom plaintiff had contact regarding the application for and purchase of the policy. Plaintiff's amended complaint, based on diversity jurisdiction, alleged that defendant acted negligently and outrageously in connection with the solicitation of the sale of the policy to plaintiff. Defendant filed a motion to dismiss for lack of personal jurisdiction. Plaintiff responded to defendant's motion, citing to the amended complaint but attaching no affidavits or other documentary evidence. Defendant was then granted leave to file a reply brief, to which he attached a copy of his agency contract with Monarch, a copy of plaintiff's application for insurance, and excerpts of plaintiff's deposition testimony. Plaintiff's request to file a response to defendant's reply was denied.
 
 
 3
 Plaintiff, in his amended complaint, alleged contacts between defendant and the State of Colorado to the following extent: "Venue is appropriate in the District Court for the District of Colorado because plaintiff's claims concern the transaction of insurance business within the state of Colorado, including the sale, payment of claim and breach of a policy of disability income insurance." App. at 2, 1/22; and
 
 
 4
 Osborne has cooperated with Monarch in the perpetuation of false assertions and accusations regarding Dr. Buckhannon's application and claim for benefits, including an accusation that Dr. Buckhannon asked Osborne to provide false information regarding his employment at the time of application. Osborne has also violated the laws of the State of Colorado by transacting insurance business within the state without a license to do so.
 
 
 5
 Id. at 6, 1/219. Plaintiff submitted no affidavits or other documentary evidence in his response to defendant's motion to dismiss for lack of personal jurisdiction. No evidentiary hearing was held.
 
 
 6
 We review the district court's ruling on personal jurisdiction de novo. See Ten Mile Indus. Park v. Western Plains Serv. Corp., 810 F.2d 1518, 1524 (10th Cir.1987). The district court has discretion to determine the procedure by which it will decide a motion to dismiss for lack of personal jurisdiction. Id. In this case, the district court decided the jurisdictional issue on documentary evidence prior to trial. The plaintiff carries the burden of showing the propriety of the court's exercise of personal jurisdiction over a defendant. Doe v. National Medical Servs., 974 F.2d 143, 145 (10th Cir.1992). If the question of personal jurisdiction is considered prior to trial and "on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing." FDIC v. Oaklawn Apartments, 959 F.2d 170, 174 (10th Cir.1992). Further,
 
 
 7
 [i]n ascertaining the facts necessary to establish jurisdiction, the district court must accept as true the allegations set forth in the complaint to the extent they are uncontroverted by defendant's affidavits. Behagen v. Amateur Basketball Ass'n of U.S.A., 744 F.2d [731,] 733 [ (10th Cir.1984), cert. denied, 471 U.S. 1010 (1985) ]. However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true.
 
 
 8
 Ten Mile Indus. Park, 810 F.2d at 1524.
 
 
 9
 The two statements in the complaint that allege defendant's connection with Colorado, quoted above, are mere conclusory allegations, as opposed to well pled facts, and they do not serve to fulfill plaintiff's burden of showing that the court could properly exercise personal jurisdiction over defendant. See id. "The plaintiff has the duty to support jurisdictional allegations in a complaint by competent proof of the supporting facts if the jurisdictional allegations are challenged by an appropriate pleading." Pytlik v. Professional Resources, Ltd., 887 F.2d 1371, 1376 (10th Cir.1989). Plaintiff's response to defendant's motion to dismiss for lack of personal jurisdiction offered no such proof. In that regard, plaintiff argues that he should have been permitted to file a second responsive pleading in response to defendant's reply. We disagree; we see no error in the district court's refusal to allow plaintiff to file an additional responsive pleading containing the proof he could and should have submitted with his original reply to defendant's motion.
 
 
 10
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 All references in this order and judgment to defendant refer to appellee Lloyd L. Osborne. All claims by plaintiff against Monarch Life Insurance Company were settled by the parties and dismissed upon stipulation