**ELECTRONIC REALTY ASSOCIATES, L.P., et al., Plaintiffs,**

v.

**VAUGHAN REAL ESTATE, INC., and Ron Vaughan, Defendants.**

Civ. A. No. 95–2309–KHV.

United States District Court, D. Kansas.

Aug. 24, 1995.

Christopher F. Burger, Buck, Bohm & Stein, P.C., Leawood, KS, for plaintiff.

Michael P. Joyce, James R. Wyrsch, Wyrsch, Atwell, Mirakian, Lee & Hobbs, Kansas City, MO, Alan G. Kimbrell, St. Louis, MO, for defendants.

### MEMORANDUM AND ORDER

VRATIL, District Judge.

This matter comes before the Court on the *Motion of Defendant Vaughan Real Estate, Inc., to Dismiss for Lack of Personal Jurisdiction* (Doc. # 6) and on the *Motion of Defendant Ron Vaughan to Dismiss for Lack of Personal Jurisdiction* (Doc. # 7). Plaintiff Electronic Realty Associates, L.P. ("ERA"), filed this suit for breach of contract, claiming that defendants Ron Vaughan ("Vaughan") and Vaughan Real Estate, Inc. failed to make payments for ERA identification and marketing services as required by their Membership Agreement. Vaughan, president of Vaughan Real Estate, maintains that he transacted all business with ERA as a corporate officer of Vaughan Real Estate and is therefore not personally amenable to the jurisdiction of Kansas courts. Vaughan Real Estate contends that the long-arm statute should not apply to their contractual relationship with ERA and that it lacks the minimum contacts with Kansas necessary for this Court's exercise of personal jurisdiction. Plaintiff counters that defendants' consent to personal jurisdiction in the contract's forum-selection clause and "Guaranty" preclude their arguments about agency and minimum contacts. For the reasons stated below, the defendants' motion is overruled.

### I. Standard of Review

The standard governing a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) is well established. When the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists. *McNutt v. General Motors*, 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); *Wenz v. Memery Crystal*, 55 F.3d 1503 (10th Cir. 1995). In the preliminary stages of litigation, however, the plaintiff's burden is light. *Doe v. National Medical Services*, 974 F.2d 143, 145 (10th Cir.1992). Where, as in the present case, there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists. *Id.; FDIC v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992); *Behagen v. Amateur Basketball Ass'n of the United States*, 744 F.2d 731, 734 (10th Cir.1984), *cert. denied*, 471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985). Allegations in the complaint "must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *Id.* If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and "the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* However, only the well-pled facts of the plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true. *Ten Mile Indus. Park v. Western Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir.1987); *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir.1976).

### II. Discussion

#### A. Rules on Consent to Personal Jurisdiction

Parties to a contract may consent to litigate disputes in a particular forum by inserting a forum selection clause into their contract. *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 311, 315, 84 S.Ct. 411, 414, 11 L.Ed.2d 354 (1964); *Williams v. Life Savings and Loan*, 802 F.2d 1200, 1202 (10th Cir.1986). Absent fraud, duress, or other coercive factors, such an agreement precludes consenting individuals or corporations from later contesting personal jurisdiction unless they can clearly show that enforcement of the clause would be unreasonable.

*The Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 15–16, 92 S.Ct. 1907, 1916, 92 S.Ct. 1907 (1972). To the extent that parties have consented to personal jurisdiction in a certain forum, application of a forum state's long-arm statute and analysis of a party's contacts with the forum state are unnecessary. Because this Court finds that both Vaughan and Vaughan Real Estate consented to personal jurisdiction within Kansas, the defendants' arguments about agency and due process need not be addressed.

### B. Personal Jurisdiction over Ron Vaughan

■ Defendant Vaughan claims that he is not subject to personal jurisdiction in Kansas because he acted as a corporate officer in his interactions with ERA. He contends that as a rule of law this Court cannot exercise personal jurisdiction over individuals acting solely as corporate officers.

However, because Vaughan consented to personal jurisdiction in the state of Kansas, this Court holds that it has personal jurisdiction over him and is not required to apply the rule Vaughan advocates. The Guaranty to the Membership Agreement with ERA, which Vaughan personally signed in his individual capacity, states that he "agrees to be personally bound to all covenants and agreements of the ERA Member Broker [Vaughan Real Estate, Inc.] as though the individual had personally signed as the ERA Member Broker." In doing so, Vaughan agreed "to submit to the exclusive jurisdiction of the State and Federal courts of Kansas with respect to any litigation pertaining to this Membership Agreement or to any aspect of the business relationship between the parties." Having consented to the exercise of personal jurisdiction within Kansas, Ron Vaughan cannot now contest this Court's jurisdiction over him as an individual.

### C. Personal Jurisdiction over Vaughan Real Estate, Inc.

■ Asserting insufficient contacts with the state of Kansas and inapplicability of the long-arm statute, defendant Vaughan Real Estate also contests the exercise of personal jurisdiction by this Court. While the defen-dant addresses the factual questions necessary for jurisdictional analysis, the plaintiff maintains that the forum-selection clause in its agreement with Vaughan Real Estate—in which the defendant submits to Kansas jurisdiction—is dispositive of this issue and alleviates the need to inquire into the defendant's contacts or the long-arm statute.

Vaughan Real Estate's arguments are precluded by its consent to the exclusive personal jurisdiction of Kansas state and federal courts in provision 23(H) of the Membership Agreement with ERA. Because it consented to litigate any disputes within Kansas courts, deciding whether subsection (b)(5) of the long-arm statute applies and determining the defendant's contacts with Kansas are unnecessary. In the *Defendants' Joint Memorandum in Support of their Respective Motions to Dismiss for Lack of Personal Jurisdiction* the defendants fail to mention the forum-selection clause at all, relying entirely on the claim that virtually none of the business transacted with ERA ever took or would take place in Kansas. Because the defendant offers no explanation of why this Court's exercise of personal jurisdiction would be clearly unreasonable, and because it has made no showing of fraud or duress in the adoption of the forum-selection clause, this Court may exercise personal jurisdiction over Vaughan Real Estate within the state of Kansas.

**IT IS THEREFORE ORDERED** that the *Motion of Defendant Vaughan Real Estate, Inc., to Dismiss for Lack of Personal Jurisdiction* (Doc. # 6) be and hereby is overruled.

IT IS FURTHER ORDERED that the *Motion of Defendant Ron Vaughan to Dismiss for Lack of Personal Jurisdiction* (Doc. # 7) be and hereby is dismissed.

Dated this 24th day of August, 1995, in Kansas City, Kansas.