**INCONNU LODGE, Plaintiff,**

v.

**COMMBINE.COM LLC, a Texas Limited Liability Corporation; Shunit Sarid, an individual; and Shunit Sahar, an individual, Defendants.**

**Case No. 2:01CV1038K.**

United States District Court,
D. Utah,
Central Division.

Aug. 6, 2002.

F. Kevin Bond, Budge W. Call, Bond & Call, Salt Lake City, UT, for plaintiff.

Charles J. Veverka, Robert E. Aycock, Workman, Nydegger & Seeley, Salt Lake City, UT, Howard M. Neu, Pembroke, FL, for defendants.

## ORDER

KIMBALL, District Judge.

This matter is before the court on Defendants Commbine.com LLC and Shunit Sarid's ("Defendants") Motion to Dismiss Plaintiff's Complaint with Prejudice. A hearing on the motion was held on May 21, 2002. At the hearing, Defendants were represented by Howard M. Neu (via telephone) and Robert Aycock. Plaintiff Inconnu Lodge ("Plaintiff") was represented by Budge Call. Before the hearing, the court considered carefully the memoranda and other materials submitted by the parties. Since taking the matter under ad-

visement, the court has considered the supplemental briefing requested by the court and has further considered the law and facts relating to this motion. Now being fully advised, the court renders the following Order.

## I. BACKGROUND

Plaintiff operates a lodge located in the Yukon territory of Canada operated under the name Inconnu Lodge. Plaintiff also maintains an office in Salt Lake City, Utah. From the Salt Lake City office, Plaintiff developed the Internet site "inconnu.com." For the last five years Plaintiff had offered to the public a World Wide Web site via "inconnu.com," which hosted information regarding the Yukon lodge. Plaintiff has alleged that, through a miscommunication with the Internet server, the annual registration fee for the domain name was not paid and the registration lapsed. Defendant Commbine.com, a Texas limited liability corporation, purchased and registered the domain name "inconnu.com" and is the current owner. According to Plaintiff, Defendant Shunit Sarid is a Texas resident and an officer and/or owner of Commbine.com. Defendant Shunit Sahar is alleged to be the brother of Ms. Sarid and an officer and/or owner of Commbine.com.[1]

"Inconnu.com," as operated by Commbine.com, allegedly functions as a search engine for other World Wide Web sites. According to Plaintiff, Defendants earn ap-proximately ten cents every time the search engine is used.

The Complaint alleges that the individual defendants purchase commonly used domain names to unfairly compete and profit from the skills, advertising, and expertise of others and to capitalize on the name through its use, or sale back to the original owner for a considerable profit. The Complaint alleges violations of the Lanham Act, the Anticybersquatting Consumer Protection Act, and Utah common law.

## II. DISCUSSION

### A. MOTION TO DISMISS BASED ON JUDGE JENKINS' ORDER

Prior to this action, Plaintiff had filed a similar action against Ms. Sarid. In the previous action, Ms. Sarid had filed a motion to dismiss for lack of personal jurisdiction, and a hearing was held before the Honorable Bruce S. Jenkins. Judge Jenkins entered an order dismissing the Complaint without prejudice. Plaintiff then filed the instant action, adding as defendants Commbine.com and Shunit Sahar.

In the case at bar, Defendants argue that this case should be dismissed because Judge Jenkins already ruled that personal jurisdiction does not exist. This court finds no hint that Judge Jenkins so ruled, and Commbine.com was not even a defendant in the previous action, and thus, Judge Jenkins' ruling could not apply to Commbine.com. In reviewing the tran-

---

1. The court finds disingenuous Defendants' argument that Shunit Sahar does not exist. Defendants are well aware that Plaintiff is attempting to name Ms. Sarid's brother. At the previous hearing before Judge Jenkins, the transcript indicates that Ms. Sarid's attorney represented that Ms. Sarid's brother, "Sahar Hadsar," was a 50% owner in the company. A review of the email correspondence attached to Plaintiff's supplemental memorandum—along with internet searches related to "Sarid" and "commbine.com"—indicates that Ms. Sarid's brother's name is "Sahar Sarid." In any event, Ms. Sarid and Commbine.com are directed to provide to Plaintiff the correct name and spelling of the name of Ms. Sarid's brother who is involved with Commbine.com. Such disclosure must be made within 7 days of the date of this Order. Plaintiff is then granted leave to amend the Complaint to reflect the correct name of this defendant.

script of the hearing, it appears that Judge Jenkins focused on the fact that Plaintiff had named Ms. Sarid rather than the company, Commbine.com. Judge Jenkins specifically stated: "I'll grant the motion to dismiss without prejudice, apparently the wrong parties having been improvidently named and we'll let it go at that and maybe hear from you again sometime." Transcript at 10. Previously in the hearing, after discussing Ms. Sarid's role in the company and the fact that she was the only defendant named in the lawsuit, Judge Jenkins asked "[she's the one named as a party defendant?" ... "But the right party is the corporate structure."] *Id.* at 8. There is no indication in the transcript that Judge Jenkins found that personal jurisdiction did not exist.

Thus, this court will not dismiss any defendant based upon the previous ruling. While Judge Jenkins apparently dismissed Ms. Sarid as an improper party, this court finds that it would be premature to dismiss her at this point. Plaintiff can attempt to pierce the corporate veil or establish that the individuals are corporate officers who committed or participated in the alleged acts.

## B. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

### 1. Standard of Review

The standard of review for a motion to dismiss for lack of personal jurisdiction is well established. "When a court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists." *Electronic Realty Assoc. v. Vaughan,* 897 F.Supp. 521, 521 (D.Kan. 1995) (citing *McNutt v. General Motors,* 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)). However, in the preliminary stages of litigation, the plaintiff's burden is light. *Vaughan,* 897 F.Supp. at 521. "Where ... there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists." *Id.; see also Soma Medical Int'l v. Standard Chartered Bank,* 196 F.3d 1292, 1295 (10th Cir. 1999). All factual disputes are resolved in favor of the Plaintiff when determining the sufficiency of this showing. *Wenz v. Memery Crystal,* 55 F.3d 1503, 1505 (10th Cir. 1995).

### 2. Analysis

At the hearing on this motion, the court requested further briefing on whether this court has personal jurisdiction over Ms. Sarid and Commbine.com because the briefs focused on whether the prior Order issued by Judge Jenkins precluded this action and not on whether this court had personal jurisdiction over these Defendants. Having reviewed the supplemental briefs and the relevant law, this court finds that it does have personal jurisdiction over Defendants. "To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Soma Medical,* 196 F.3d at 1295 (internal quotations omitted). "The evaluation of specific jurisdiction in Utah mandates a three-part inquiry: (1) the defendant's acts or contacts must implicate Utah under the Utah long-arm statute; (2) a 'nexus' must exist between the plaintiff's claims and the defendant's acts or contacts; and (3) application of the Utah long-arm statute must satisfy the requirements of federal due process." *Id.* at 1297 (internal quotations omitted). The Utah legislature has declared that the long-arm statute must be interpreted broadly " 'so as to

assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution.'" *Id.* (quoting Utah Code Ann. § 78–27–22; *Starways, Inc. v. Curry,* 980 P.2d 204, 206 (Utah 1999)). The Utah Supreme Court has stated that it "frequently make[s] a due process analysis first because any set of circumstances that satisfies due process will also satisfy the long-arm statute." *Id.* at 1298 (internal quotations omitted). Thus, a court may exercise personal jurisdiction over a nonresident defendant only so long as there exist "minimum contacts" between the defendant and the forum state. *See World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

The minimum contacts necessary for specific personal jurisdiction are established if the defendant has purposefully directed his activities at residents of the forum state and the litigation results from alleged injuries that arise out of or relate to those activities. *Soma Medical,* 196 F.3d at 1298 (internal quotations omitted). If the defendant's activities create sufficient minimum contacts, courts then consider whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice. *Id.* (internal quotations omitted).

This court finds that Plaintiff has made a sufficient prima facie showing that Defendants' activities have created sufficient minimum contacts and that the exercise of personal jurisdiction over these Defendants does not offend traditional notions of fair play and substantial justice.

The Ninth Circuit Court of Appeals has addressed a similar situation in considering personal jurisdiction over a non-resident via an Internet web site. In *Panavision International L.P. v. Toeppen,* 141 F.3d 1316 (9th Cir.1998), the court examined a similar factual scenario. The court noted that "simply registering someone else's trademark as a domain name and posting a web site on the Internet is not sufficient to subject a party domiciled in one state to the jurisdiction of another" unless the defendant did "something more" to demonstrate that the defendant directed his activity toward the forum state. *Id.* at 1322.[2] The court, however, determined that the defendant's registration of domain names for the purpose of extorting money from Panavision constituted the requisite "something more" because the defendant likely knew that his conduct had the effect of injuring Panavision in California. *Id.* Thus, the court found that the purposeful availment requirement necessary for specific personal jurisdiction was satisfied. *Id.*[3]

As in the *Panavision* case, Plaintiff in the instant case has alleged that Defendants registered the name "inconnu.com" in an effort to extort money from Plaintiff. Defendants dispute that they made any extortion attempt. However, all factual disputes are resolved in favor of Plaintiff at this point, and in light of Defendants' extensive history of bad faith registration of domain names, as reflected in various

---

**2.** At least one other court has determined that merely registering a domain name that incorporates a trademark for which only the mark owner could have a legitimate use could be sufficient to support the assertion of personal jurisdiction in the mark owner's place of residence. *See Ford Motor Co. v. Great Domains,*

*Inc.,* 141 F.Supp.2d 763, 775 n. 2 (E.D.Mich. 2001)

**3.** The Tenth Circuit has cited the *Panavision* case with approval. *See Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.,* 205 F.3d 1244, 1248 (10th Cir.2000).

decisions of the National Arbitration Forum and WIPO Arbitration and Mediation Center, which are available on the internet, the court finds that, by asserting that Defendants have registered Plaintiff's domain name for no other purpose than to extort money from Plaintiff in Utah, Plaintiff has sufficiently alleged "something more" to demonstrate that Defendants directed their activity toward Utah. The court also finds that Plaintiff's claim arises out of Defendants' forum-related activities and that the exercise of personal jurisdiction is reasonable under the seven-factor balancing test set forth in *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 476–477, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Thus, Defendants' motion is denied.

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is DENIED.