

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-24-2009

# D'Jamoos v. Pilatus Aircraft Ltd

Precedential or Non-Precedential: Precedential

Docket No. 08-2690

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"D'Jamoos v. Pilatus Aircraft Ltd" (2009). *2009 Decisions.* Paper 1094.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1094

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-2690

THERESA D'JAMOOS, As Executrix of the Estate of Dawn Elizabeth Weingeroff;
FREDERICK L. WEINGEROFF, Administrator of the Estate of Leland C. Weingeroff
& Executor of the Estate of Gregg C. Weingeroff;
STANLEY J. WACHTENHEIM, Executor of the Estate of Jeffrey M. Jacober;
MICHAEL A. JACOBER; DAVID S. JACOBER, Co-Executors of the
Estate of Karen L. Jacober & Co-Administrators of the Estate of Eric B. Jacober

v.

PILATUS AIRCRAFT LTD.; PILATUS FLUGZEUGWEKE
AKTIENGESELLSCHAFT; ROSEMOUNT AEROSPACE, INC.; REVUE THOMMEN
AC; EMCA; GOODRICH AVIONICS SYSTEMS, INC.; L-3 COMMUNICATIONS
CORPORATION; GOODRICH CORPORATION

Theresa D'Jamoos; Frederick L. Weingeroff;
Stanley J. Wachtenheim; Michael A. Jacober;
David S. Jacober,

                                                    Appellants

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-07-cv-01153)
Honorable Mary A. McLaughlin, District Judge

Argued March 5, 2009

BEFORE:  BARRY and GREENBERG, <u>Circuit</u> Judges,
and ACKERMAN, <u>District</u> Judge*

<hr>

ORDER AMENDING OPINION

<hr>

It is hereby ordered that the opinion of the court in this case filed May 14, 2009, is amended as follows:

(1) On page 32, footnote 18 of the slip opinion (<u>see</u> <u>D'Jamoos v. Pilatus Aircraft Ltd.</u>, 566 F.3d 94, 109 n.18 (3d Cir. 2009)), the last two sentences in the footnote starting as "We recognize that" and ending "general jurisdiction in Colorado" are deleted.

(2) On page 32 of the slip opinion (<u>see</u> <u>D'Jamoos v. Pilatus Aircraft Ltd.</u>, 566 F.3d 94, 109 (3d Cir. 2009)), immediately following "Requirements for Transfer" the following complete paragraph is inserted:

> We have concluded that the undisputed jurisdictional facts amount to a prima facie showing that Colorado could exercise general jurisdiction over Pilatus.  In the present procedural stage, this prima facie showing satisfies section 1631's requirement that the case "could have been brought" in the District of Colorado.  While the plaintiff bears the burden of establishing that a court's exercise of personal jurisdiction over a defendant is proper, "[i]n the preliminary stages of the litigation . . . that burden is light.  Prior to trial, the plaintiff is only required to establish a prima facie showing of jurisdiction." <u>Doe v. Nat'l Med. Servs.</u>, 974 F.2d 143, 145 (10th Cir. 1992).

(3) On page 35 of the slip opinion (<u>see</u> <u>D'Jamoos v. Pilatus Aircraft Ltd.</u>, 566 F.3d 94, 111 (3d Cir. 2009)), the last complete paragraph above "V.  CONCLUSION" is deleted and the following paragraph is inserted:

> In conclusion, we point out that by characterizing our jurisdictional

<hr>

*The Honorable Harold A. Ackerman, Senior Judge of the United States District Court for the District of New Jersey, sitting by designation.

> finding as "prima facie," we do not suggest that our decision our is tentative or

2

preliminary. Rather, if the District Court determines on remand that a transfer is in the interest of justice and transfers the case to the District of Colorado,[20] we believe that the Colorado court will be bound by our prima facie finding of personal jurisdiction insofar as that ruling will be the law of the case. Such a conclusion would be consistent with Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 816-17, 108 S.Ct. 2166, 2178 (1988), in which the Supreme Court held that transferee courts should apply the law-of-the-case doctrine to transfer decisions that implicate their jurisdiction, which means that a transferee court will revisit such jurisdictional determinations only in "extraordinary circumstances." See id. at 819, 108 S.Ct. at 2179 ("Under law-of-the-case principles, if the transferee court can find the transfer decision plausible, its jurisdictional inquiry is at an end."). We recognize, however, that the question of the propriety of the transfer order would not be removed altogether from the Colorado court, which yet may determine that one of the recognized exceptions to the law-of-the-case doctrine applies to permit reconsideration of our decision. See Hayman Cash Register Co. v. Sarokin, 669 F.2d 162, 169-70 (3d Cir. 1982) (discussing law-of-the-case doctrine and exceptions); Africa v. City of Philadelphia (In re City of Philadelphia Litig.), 158 F.3d 711, 717-18 (3d Cir. 1998) (same); In re Antrobus, 563 F.3d 1092, 1098 & n.2 (10th Cir. 2009) (same).

By the court,

_____/s/ Morton I. Greenberg_____
Circuit Judge

DATED: 24 June 2009

---

[20]The District Court may consider factors beyond the jurisdictional point we have noted in making its interest of justice analysis.

3