(637 P.2d 458)
No. 52,364

DANIEL J. WATKINS, *Appellee,* v. ROACH CADILLAC, INC., ROACH LEASING, INC., and GENERAL MOTORS ACCEPTANCE CORPORATION, *Appellant.*

Opinion filed December 10, 1981.

*Stephen B. Sutton* and *H. Michael Coburn,* of Gage & Tucker, of Kansas City, Missouri, and *Scott Harrison Kreamer,* of Gardner, Davis, Kreamer, Norton, Hubbard & Ruzicka, of Olathe, for appellant and cross-appellee, Roach Leasing, Inc.

*Lawrence C. Gates,* of Gates & Clyde, of Overland Park, for appellee.

Before JUSTICE FROMME, presiding, PARKS, J., and B. MACK BRYANT, District Judge Retired, assigned.

FROMME, J.: This action was brought under the Kansas Consumer Protection Act, K.S.A. 50-623 *et seq.,* the plaintiff Daniel J. Watkins alleging that Roach Leasing, Inc., and others, had committed a deceptive consumer sales practice. The original defendants, Roach Cadillac, Inc. and General Motors Acceptance Corporation, were dismissed from the action prior to trial. The action proceeded against Roach Leasing, Inc. After trial was had to the court, judgment was entered in favor of plaintiff for $2,000.00 civil penalty and $3,000.00 for attorney fees. Roach Leasing, Inc. appeals the judgment for penalty and attorney fees. Watkins cross-appeals the amount allowed for attorney fees, and claims an additional $3,134.22, which amount was disallowed by the trial court.

The deceptive consumer sales practice which was alleged and found by the trial court is set forth in K.S.A. 50-626(b)(1)(C):

"Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act:

"(1) Representations made knowingly or with reason to know that:

. . . .

"(C) property is original or new, if such property has been deteriorated, altered, reconditioned, repossessed or is second-hand or otherwise used to an extent that is materially different from the representation."

A consumer who is aggrieved by a violation of the Kansas Consumer Protection Act may recover actual damages or a civil penalty, whichever is greater, as provided in K.S.A. 1980 Supp. 50-636(a) and amendments. See also K.S.A. 1980 Supp. 50-634(b).

The defendant-appellant is a "supplier" within the statutory definition in K.S.A. 50-624(i), in that it leases automobiles in the ordinary course of business, soliciting and engaging in consumer transactions. The plaintiff is a "consumer" within the statutory definition of that word contained in K.S.A. 50-624(b), in that he sought to and did acquire property, a Cadillac automobile, for personal, family, and business purposes.

The appellant, Roach Leasing, Inc., contends that the consumer transaction took place entirely within the State of Missouri and that the Kansas Consumer Protection Act does not apply in such case. Appellant further argues that under the facts of this case the courts of Kansas are without subject matter jurisdiction. We turn to the specific facts of this case.

Plaintiff is a resident of Prairie Village, Kansas, which city is close to the Kansas-Missouri boundary. The defendant is a Missouri corporation with its place of business at 80th and State Line Road, Kansas City, Missouri. A portion of the business premises is located in the State of Kansas, specifically that portion of the property which abuts State Line Road. The portion in Kansas is approximately 22 feet wide at the north end and 43 feet wide at the south end. Automobiles are parked and displayed to customers on that portion of the premises lying within Kansas.

The trial court found that the defendant advertised over a Kansas City, Missouri radio station and newspaper, soliciting customers to lease its vehicles. In response to this advertising, plaintiff went to the business premises of defendant and there discussed his needs and desires for leasing an automobile. He was shown automobiles parked in Kansas, including a 1977 black Cadillac which he eventually leased. The salesman went with plaintiff on a test drive. This test drive was conducted in Kansas. Plaintiff testified the salesman explained various features of this new Cadillac automobile in which they rode. A substantial number of statements in solicitation of the lease were made in Kansas and led to the execution of the lease agreement.

Several days after the test drive plaintiff returned to defendant's place of business and completed the transaction by signing the lease agreement while sitting in the office which was physically located in Missouri. Since this was a leasing agreement, title remained in defendant. Defendant then registered the vehicle with the Motor Vehicle Department of Kansas, using as its address 2601 Verona Road, Shawnee Mission, Kansas. Nothing we can find in the record indicates why this address was used. The defendant thereafter paid the taxes on the vehicle as they became due.

Prior to this lease transaction and without the knowledge of plaintiff, the automobile had been repainted by Roach on the deck lid, the upper deck panel, the right rear quarter panel, the roof, the hood, and the left front door. The car had not been wrecked or damaged but was shipped from the factory with an inferior paint job. The paint was described as being thin, dirty, cracked, and showing "crow's feet." At no time prior to or during negotiations for leasing did defendant disclose or advise plaintiff of the repainting.

After taking delivery of the car in Missouri, plaintiff became aware of the repainting. He took delivery in January, 1977, and in April of that year plaintiff first noticed cracking of the paint. On closer investigation he discovered that the car had been partially repainted. There was testimony that the cost of repainting the entire car would exceed $200.00 and that repainting would not be as permanent and lasting as a factory paint job. At the factory the paint is baked on the car surface. There was other evidence from a Roach mechanic, however, that a factory paint job was no better than one by a car dealer.

Now let us consider the question of whether the leasing of this car was a consumer transaction cognizable under the Kansas Consumer Protection Act.

Among the statutory definitions we find:

" 'Consumer transaction' means a sale, lease, assignment or other disposition for value of property or services within this state . . . to a consumer or a solicitation by a supplier with respect to any of these dispositions." K.S.A. 50-624 (c).

Appellant Roach calls our attention to the specific requirement in this statute that for a lease to be a consumer transaction covered by the Act, it has to be a lease of property *within this state.* Roach points out that the present lease was executed and the car was delivered in the State of Missouri. On considering the alternative provision which makes a solicitation a consumer transaction, Roach contends first, there was no solicitation within the State of Kansas, and second, assuming there was, the solicitation did not result in a leasing within the State of Kansas.

The statute in pertinent part reads, "or a solicitation by a supplier with respect to any of these dispositions." Because of this wording appellant contends a solicitation will not subject a supplier to liability unless it results in a sale, lease or other disposition of property within the State of Kansas.

In construing the words of a statute this court must ascertain and give effect to the intent of the legislature. To do so it must consider the language of the statute; the words are to be understood in their plain and ordinary sense. *Lakeview Gardens, Inc. v. State, ex rel. Schneider,* 221 Kan. 211, Syl. ¶ 1, 557 P.2d 1286 (1976).

In considering the wording of the alternative provision, which includes a solicitation as a consumer transaction which will

subject a supplier to the requirements and penalties of the Act, it is difficult to believe the legislature intended only solicitations which resulted in a sale or lease of property within the state. If that were the meaning intended there would be little or no need for adding the solicitation provision because a solicitation is an integral part of every sale or lease of property to a consumer.

There is another reason why we believe it was not intended that the solicitation referred to in the statute must culminate in a sale or lease within the state. It is a well known rule of construction that the various provisions of a statute in pari materia must be construed together with a view of reconciling and bringing them into workable harmony if it is reasonably possible to do so. *Farm & City Ins. Co. v. American Standard Ins. Co.*, 220 Kan. 325, Syl. ¶ 2, 552 P.2d 1363 (1976). Several of the deceptive acts and practices which are made violations of the Act concern solicitations which would. not result in a completed sale, lease, or disposition of property.

For instance, the following are declared to be violations of the Act: (1) "disparaging the property, services or business of another by making, knowingly or with reason to know, false or misleading representations of material facts," K.S.A. 50-626(*b*)(4); (2) "offering property or services without intent to sell them," K.S.A. 50-626(*b*)(5); and (3) "offering property or services without intent to supply reasonable, expectable public demand, unless the offer discloses the limitation," K.S.A. 50-626(*b*)(6). All of these refer to solicitations which do not necessarily concern a disposition of consumer goods.

No cases have been cited by the parties which are strictly in point, and we have discovered none. However, there are cases in which penalties have been imposed for solicitation made outside the state of a supplier, which solicitations did not result in any sale or disposition of property within or without that state. One such case is *Brown v. Development,* 41 Ohio Misc. 57, 322 N.E.2d 367 (1974). In *Brown* the defendant was soliciting monies by preparing promotional letters in Ohio and mailing them to non-Ohioans. The letters did not advise those being solicited that they were going to be asked to buy goods; instead they were told they had won a vacation to Florida, a $100.00 certificate good for the purchase of a regularly priced $169.50 sewing machine, and a treasure chest full of nationally advertised products. The con-

sumer was advised he or she had to send a $15.00 fee in order to get the prizes. The consumer was unable in most, if not all, cases to take the vacation trip because the days available were limited to off-season times and the true purpose was to get them to a high pressure salesman seeking to sell land in that area. The treasure chest was a small box of inexpensive samples of household items. The $100.00 certificate was worthless because the sewing machine was regularly priced at $69.50, not $169.50. The Ohio court held that the Ohio Consumer Sales Practices Act did apply to deceptive and unconscionable practices directed only to non-Ohio consumers. An injunction and penalties were incurred by the supplier.

It is true that the words "within this state" contained in the Kansas definition of "consumer transaction" were added some three years after the act was originally passed by the legislature. It is also true that we are unable to find the words "within this state" in similar acts from other states. The legislative record of proceedings leading to the enactment fail to give any explanation for the addition. However, it would appear the meaning and application of the Act would be the same even without these words. It cannot be seriously argued that a legislative enactment can be made applicable to actions occurring outside the state.

We hold that under K.S.A. 50-624(c), which defines a consumer transaction subject to the requirements of the Kansas Consumer Protection Act, a solicitation by a supplier may be sufficient to subject a supplier to the requirements and penalties of the Act regardless of whether the solicitation results in a sale, lease or other disposition of property within the State of Kansas. We find that under the facts and circumstances of this case, solicitations for lease of the car did occur within the State of Kansas, the car was shown and test driven in the State of Kansas, and the Kansas Consumer Protection Act is applicable.

The appellant further contends the automobile in question was not materially different from a new car at the time it was leased and, therefore, no violation of the Act ever occurred. This is a factual question properly left to the trial court. The court was the trier of the facts in this case. We cannot say there was no evidence to support a conclusion that the extensive repainting by the appellant Roach did make the car materially different from the new car it was held out to be. As in *Bell v. Kent-Brown Chevrolet*

*Co.,* 1 Kan. App. 2d 131, 134, 561 P.2d 907 (1977), we are convinced there was sufficient evidence to support the trial court's finding that the vehicle had been altered materially from the representation that it was a new vehicle.

Appellant contends plaintiff waived any complaint by voluntarily purchasing the automobile with full knowledge of the defects at the end of the lease term. We do not agree. The Kansas Consumer Protection Act starts from the premise that a consumer may not in general waive or agree to forego rights or benefits under it. K.S.A. 50-625(*a*) so states. Although he purchased the car at the end of the lease period, plaintiff did not intend a settlement nor was a settlement considered or discussed by the parties.

It is argued that the Kansas Consumer Protection Act is unconstitutionally vague in that it failed to adequately advise Roach Leasing, Inc. of what might constitute a violation of the Act.

Constitutionally impermissible vagueness in a statute depends on whether men of common intelligence must guess at a statute's meaning and differ as to its application; if so, the statute lacks the first essential of due process and is void for vagueness. *Callaway v. City of Overland Park,* 211 Kan. 646, 655, 508 P.2d 902 (1973). Proper constitutional clarity of a statute depends on whether the language conveys a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice. *State, ex rel., v. Koscot Interplanetary, Inc.,* 212 Kan. 668, 678, 512 P.2d 416 (1973).

Aside from discussing the general doctrine of vagueness, the appellant offers no authority to support the contention that the Kansas Consumer Protection Act is unconstitutionally vague as applied to this particular defendant in this way or any other set of circumstances. This constitutional challenge to the Act is before the appellate courts of Kansas for the first time. A majority of the states have now enacted the same or similar consumer legislation. Most of this legislation has been patterned after the Federal Trade Commission Act. 15 U.S.C.A. § 45 (*a*) (1). See generally Annot., Consumer Protection — Forbidden Conduct, 89 A.L.R.3d 449 § 1 [a], n. 1. We know of no states in which similar statutes have been held so vague as to be constitutionally impermissible. Similar statutes have been upheld against constitutional challenge for vagueness. *Sears, Roebuck & Co. v. Federal Trade Commission,* 258 Fed. 307 (7th Cir. 1919); *State v. O'Neill*

*Investigations, Inc.,* 609 P.2d 520 (Alaska 1980). We hold that the Kansas Consumer Protection Act, K.S.A. 50-623 *et seq.,* is not constitutionally impermissible for vagueness. The Act does adequately set forth and advise suppliers of consumer property of those acts constituting violations which subject them to liability. See K.S.A. 50-626 and 50-627.

Appellant contends next that the trial court erred in assessing a civil penalty of $2,000.00 under K.S.A. 50-636 (*a*) because plaintiff failed to establish that he suffered damage by reason of the deceptive act charged. K.S.A. 50-634, relating to private remedies, provided:

"(*b*) A consumer who is aggrieved by a violation of this act may recover, but not in a class action, actual damages or a civil penalty as provided in K.S.A. 50-636 (*a*), and amendments thereto, whichever is greater."

In this case there can be little doubt the consumer plaintiff was aggrieved by a violation of the Act. There was evidence the car was in need of a complete paint job costing at least $200.00. The statute authorizes recovery of actual damages or a civil penalty, not to exceed $2,000.00, to be set by the court. The alternative depends on whichever is greater. The $2,000.00 civil penalty was properly imposed in this case.

The final point raised on appeal concerns allowance of $3,000.00 in attorney fees. It is argued there was no evidence to support the award. The amounts of any awards of civil damages and attorney fees, pursuant to K.S.A. 50-634(*e*) and 50-636(*a*), are discretionary with the trial court. *Bell v. Kent-Brown Chevrolet Co.,* 1 Kan. App. 2d 131, Syl. ¶ 4. A complete itemized statement of hourly time charges made by the attorneys was introduced at the trial covering a total of $6,134.22. Attorney fees were properly allowed in the reduced amount.

We turn now to plaintiff's cross-appeal of the amount allowed for attorney fees. The contention made is that the reduction of fees from the $6,134.22 to $3,000.00 constituted an abuse of discretion. We have no doubt that plaintiff's attorneys expended the time indicated in the itemized statement. We are also aware of the amount involved in this particular controversy. The trial court is in a much better position to make the judgment call on attorney fees. This court cannot say there was an abuse of discretion in the allowance made.

The judgment is affirmed both on appeal and cross-appeal.