(942 P.2d 62)
No 75,483

THREE TEN ENTERPRISES, INC., FOAM FORM, A Limited Partnership, *Appellee/Cross-Appellant*, v. STATE FARM FIRE & CASUALTY COMPANY, *Appellant/Cross-Appellee*.

Opinion filed July 11, 1997.

*Gerald A. King* and *Lynn W. Hursh*, of Armstrong, Teasdale, Schlafly & Davis, of Kansas City, Missouri, for appellant/cross-appellee.

*Scott Martin*, of Blackwell Sanders Matheny Weary & Lombardi, of Kansas City, Missouri, for appellee/cross-appellant.

Before GREEN, P.J., ROYSE, J., and JENNIFER JONES, District Judge, assigned.

ROYSE, J.: Three Ten Enterprises, Inc., Foam Form (Three Ten) brought this action against State Farm Fire & Casualty Company (State Farm) to recover losses insured under the employee dishonesty coverage contained in a business policy. State Farm filed a motion to dismiss for lack of personal jurisdiction. The district court denied State Farm's motion and later entered judgment against State Farm. State Farm appeals, and Three Ten cross-appeals.

Three Ten is a limited partnership organized under the laws of the State of Kansas. Three Ten does business under the name Three Ten Insulated Forms in Papillion, Nebraska. State Farm is a foreign corporation authorized to do business in Kansas.

State Farm, through its office in Lincoln, Nebraska, issued a business policy to Three Ten covering Three Ten's premises located in Papillion. The policy had an initial term of 1 year, beginning on March 22, 1990. Three Ten renewed the policy each year on March 22.

During the policy term that began on March 22, 1991, a Three Ten employee, Debbie Karstens, stole approximately $38,006.50 from Three Ten. The following year, Karstens stole approximately $65,445.40 from Three Ten.

Three Ten made a claim with State Farm under the employee dishonesty provisions of its business policy. State Farm paid a total of $50,000 to Three Ten, contending that Karstens' thefts were one occurrence under the policy and thus subject to its $50,000 policy limit.

Three Ten filed suit in Miami County, Kansas, asserting a claim for an additional payment under the policy of $38,006.50. Three Ten contended that under Nebraska law, Karstens' thefts were separate acts and that renewing the policy triggered a new policy limit. Service of process was made on State Farm through the Kansas Commissioner of Insurance, who mailed the summons and petition to State Farm at its home office in Bloomington, Illinois.

State Farm filed a motion to dismiss for lack of personal jurisdiction. The district court denied the motion on the basis of "gen-

eral jurisdiction." Three Ten filed a motion for summary judgment on the merits. The district court, in a lengthy opinion examining Nebraska law, granted the motion and entered judgment for Three Ten for $38,006.50. The district court denied Three Ten's motion for attorney fees under Nebraska law.

State Farm filed an appeal from the district court's decision, claiming the district court erred in asserting personal jurisdiction over State Farm and in concluding that State Farm owed Three Ten additional funds under the policy. Three Ten filed a cross-appeal, claiming the district court erred in denying its claim for attorney fees under Nebraska law.

State Farm's first argument on appeal is that the district court lacked personal jurisdiction over State Farm, because Three Ten's cause of action against State Farm did not arise from the transaction of any business in Kansas. Three Ten takes the position that jurisdiction was properly exercised under the doctrine of "general jurisdiction." The district court relied on "general jurisdiction" in denying State Farm's motion to dismiss.

Resolution of the jurisdiction issue in this case requires us to interpret K.S.A. 60-308(b). Interpretation of a statute is a question of law subject to unlimited review on appeal. *Foulk v. Colonial Terrace*, 20 Kan. App. 2d 277, Syl. ¶ 1, 887 P.2d 140 (1994), *rev. denied* 257 Kan. 1091 (1995).

K.S.A. 60-308 is the Kansas long arm statute. It provides in pertinent part:

"(b) . . . Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person and, if an individual, the individual's personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of these acts: . . . ."

The plaintiff bears the burden of proving the existence of personal jurisdiction over the defendant. *St. Paul Surplus Lines Ins. Co. v. International Playtex, Inc.*, 245 Kan. 258, 263, 777 P.2d 1259 (1989), *cert. denied* 493 U.S. 1036 (1990). Where, prior to trial, a motion to dismiss for lack of personal jurisdiction is determined based upon affidavits and other written materials, the plaintiff need

only make a prima facie showing. *In re Hesston Corp.*, 254 Kan. 941, Syl. ¶ 1, 870 P.2d 17 (1994).

The approach required in resolving issues under the long arm statute has frequently been stated:

" 'The Kansas long arm statute is liberally construed to assert personal jurisdiction over nonresident defendants to the full extent permitted by the due process clause of the Fourteenth Amendment to the U.S. Constitution.

. . . .

" '[W]hen considering questions of personal jurisdiction, a two-step analysis is required. First, does the defendant's conduct fall within the scope of the relevant provision of the Kansas long arm statute? Second, does the exercise of personal jurisdiction in the particular case comply with the due process requirements of the Fourteenth Amendment as set out in the decisions of the United States Supreme Court?' " *St. Paul*, 245 Kan. at 263 (quoting *Volt Delta Resources, Inc. v. Devine*, 241 Kan. 775, 777-79, 740 P.2d 1089 [1987]).

See *Schlatter v. Mo-Comm Futures, Ltd.*, 233 Kan. 324, 329, 662 P.2d 553 (1983); *Source Direct, Inc. v. Mantell*, 19 Kan. App. 2d 399, 404, 870 P.2d 686 (1994); *Environmental Ventures, Inc. v. Alda Services Corp.*, 19 Kan. App. 2d 292, 295, 868 P.2d 540 (1994); *Eferakeya v. Twin City State Bank*, 13 Kan. App. 2d 197, 209, 766 P.2d 837 (1988), *aff'd as modified* 245 Kan. 154, 777 P.2d 759 (1989); *Davis v. Grace*, 4 Kan. App. 2d 704, 707-08, 610 P.2d 1140 (1980). "[T]he activities of defendants are measured by due process standards if they fall within the scope of a provision of 60-308(b)." *Hesston Corp.*, 254 Kan. at 951. See Casad, *Long Arm and Convenient Forum*, 20 Kan. L. Rev. 1, 45 (1971).

State Farm's argument focuses on the statutory test for long arm jurisdiction. State Farm contends that Three Ten's cause of action did not arise from the transaction of any business within this state, as provided in K.S.A. 60-308(b)(1). Three Ten does not directly dispute this contention. While pointing out that State Farm does transact business in Kansas, Three Ten makes no claim that its cause of action arises out of State Farm's Kansas business activities.

Rather than attempting to show that its claim falls within the parameters of 60-308(b), Three Ten relies on the doctrine of "general jurisdiction." The difference between "specific jurisdiction" and "general jurisdiction" was described in *Helicopteros Nacion-*

*ales de Colombia v. Hall,* 466 U.S. 408, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984):

"[W]hen a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum, the State is exercising 'specific jurisdiction' over the defendant. [Citation omitted.]

"When a State exercises personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum, the State has been said to be exercising 'general jurisdiction' over the defendant." 466 U.S. at 414 nn.8,9.

See *Hesston Corp.,* 254 Kan. at 958-59; 1 Casad, Jurisdiction in Civil Actions § 1.02[1] (2d ed. 1991). In *Perkins v. Benguet Mining Co.,* 342 U.S. 437, 96 L. Ed. 485, 72 S. Ct. 413 (1952), the Supreme Court held that a state court could, consistent with federal due process, assert general jurisdiction over a foreign corporation. See Twitchell, *The Myth of General Jurisdiction,* 101 Harvard L. Rev. 610, 626 (1988).

Three Ten's reliance on "general jurisdiction" is misplaced. As each of the cases cited by Three Ten shows, "general jurisdiction" is a due process concept. It does not excuse a plaintiff who invokes the jurisdiction of Kansas state courts from satisfying the statutory test for long arm jurisdiction under 60-308(b).

*Helicopteros* concerned a wrongful death action. Helicol, a helicopter company from Colombia, contracted to provide helicopter service in Peru. A helicopter crashed in Peru, and four United States citizens were killed. Their representatives filed suit against Helicol in Texas, even though the Colombian company's activities in Texas were minimal.

Helicol moved to dismiss the actions against it for lack of personal jurisdiction. The motion was denied, judgment was entered against Helicol, and ultimately the United States Supreme Court granted *certiorari* to decide whether the Due Process Clause permitted the Texas courts to exercise personal jurisdiction over Helicol.

The Supreme Court noted that it would not review the Texas Supreme Court's interpretation of the Texas long arm statute. *Helicopteros,* 466 U.S. at 413. Instead, it examined the record to determine whether Helicol had such systematic and continuous ac-

tivities in Texas as to justify the exercise of jurisdiction over Helicol in a cause of action unrelated to its activities in Texas. 466 U.S. at 415. The Court concluded, however, that Helicol's contacts with the State of Texas were insufficient to satisfy the requirements of the Due Process Clause. 466 U.S. at 418-19.

Three Ten also relies on *Doe v. National Medical Services*, 974 F.2d 143 (10th Cir. 1992), an action arising out of the negligent performance of drug tests. Doe discusses "general jurisdiction" in its due process analysis:

"The due process clause of the constitution prevents the exercise of jurisdiction over NMS in this case. Under both a general and specific jurisdiction analysis, NMS' contacts with Colorado are insufficient to warrant exercise of jurisdiction over NMS without violating traditional notions of fair play and substantial justice." 974 F.2d at 147.

Finally, Three Ten points to *Fidelity State Bank & Trust Co. v. Merrill Lynch*, 768 F. Supp. 300 (D. Kan. 1991), a case in which plaintiff claimed Moody's Investors Service, Inc. (Moody's) negligently misrepresented the risks associated with certain commercial paper. In addressing Moody's motion to dismiss for lack of personal jurisdiction, the court did discuss general jurisdiction. It did so, however, only after concluding that Moody's had submitted to jurisdiction in Kansas under 60-308(b)(2). 768 F. Supp. at 304. The court in *Fidelity* applied the same two-step analysis adopted by our state courts:

"The exercise of personal jurisdiction under the Kansas long arm statute requires both a showing that the case falls within the statutory parameters of K.S.A. 60-308(b) and that the exercise of jurisdiction does not violate the due process clause of the Fourteenth Amendment to the United States Constitution." 768 F. Supp. at 303.

In short, none of the cases cited by Three Ten support its assumption that the existence of "general jurisdiction" makes it unnecessary for a plaintiff to show that the defendant's conduct falls within the parameters of 60-308(b).

Three Ten places particular emphasis on those cases which note "[t]he Kansas long arm statute is liberally construed to assert personal jurisdiction over non-resident defendants to the full extent permitted by the due process clause of the Fourteenth Amend-

ment to the U.S. Constitution." *Volt Delta Resources, Inc.*, 241 Kan. at 777. This court, however, cannot ignore the provisions of 60-308(b) under the guise of liberal construction.

When the language of a statute is plain and unambiguous, a court must give effect to that language, not rewrite the statute. *Pestock v. State Farm Auto Ins. Co.*, 9 Kan. App. 2d 188, 189, 674 P.2d 1062 (1984). The fact that 60-308(b) is to be liberally construed does not mean that the courts are to ignore the statutory requirement that the cause of action arise from the defendant's doing of one or more of the enumerated acts in this state. While *Perkins* and *Helicopteros* make clear that the Kansas Legislature could enact a statute providing for the exercise of general jurisdiction, it has not done so. K.S.A. 60-308(b) does not provide for the exercise of general jurisdiction by Kansas courts.

The decision of the district court in this case ignored the two-step analysis required for questions of personal jurisdiction and simply examined jurisdiction under federal due process standards. Professor Casad's discussion of such a one-step approach may be helpful:

"Although most of the states that borrowed the Illinois statute—and indeed most of the other states as well—have followed the view that the long-arm statute was intended to extend to the outer limits of due process, not all have accepted that approach in interpreting their statutes. One consequence of the view that the long-arm statute extends to the limits of due process is the tendency on the part of many courts to ignore the statute and to base the decision of jurisdiction questions solely on constitutional considerations. Some courts, in fact, have declared that the analysis of personal jurisdiction questions entails but a single step: a determination of whether or not the defendant had the contact with the state that the *International Shoe-Hanson* standard requires. . . . The one-step analysis of the coverage of enumerated act-type statutes was described by the Court of Appeals for the Ninth Circuit: 'In effect, what these courts have done is to abdicate their duty to construe the statutes of their own states and to turn it over to the Supreme Court of the United Sates, which is the ultimate interpreter of the Constitution of the United States.' The enumerated act statutes usually contain an express declaration that jurisdiction asserted under them extends only to claims arising from the acts enumerated. This would seem to be a clear expression by the legislature that it did not intend to authorize the assertion of general jurisdiction, even though the assertion of general jurisdiction—that is, jurisdiction for claims *not* arising from the defendant's forum state contacts—clearly is constitutional. How can it rationally be said that the legislature intended to extend long-

arm jurisdiction to the outer limits of due process, when that legislature plainly declared that it did not intend to permit general jurisdiction? What the courts that have adopted the one-step analysis in connection with enumerated act-type statutes apparently have done is overlook this fairly obvious point. The legislatures may have intended their statutes to be interpreted as broadly as the words of the statute rationally would permit, but it goes beyond rationality to assume that they intended the statutes to be ignored." 1 Casad, Jurisdiction in Civil Actions § 4.01[1][b] (2d ed. 1991).

For all the foregoing reasons, we conclude that the district court erred in applying the doctrine of "general jurisdiction." As Three Ten has never attempted to show that jurisdiction may properly be asserted under 60-308(b), we must conclude that the district court erred in holding that the court had personal jurisdiction over State Farm. In light of this conclusion, we need not address the other issues raised by State Farm in its appeal or in Three Ten's cross-appeal.

Reversed.