No. 87,935

KURT F. KLUIN, *Appellant*, v. AMERICAN SUZUKI MOTOR CORPORATION, *Appellee*.

(56 P.3d 829)

Opinion filed November 1, 2002.

*Kurt F. Kluin*, appellant, argued the cause and was on the brief pro se.

*Brent G. Wright*, of Horn Aylward & Bandy, LLC, of Kansas City, Missouri, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

SIX, J: This is a personal jurisdiction case focusing on the Kansas long arm statute, K.S.A. 60-308(b). The plaintiff, Kurt F. Kluin, is a Kansas resident and attorney whose law office is in Neosho County, Kansas. Kluin purchased, in Oklahoma, a Suzuki motorcycle from Bartlesville Cycle Sports, of Bartlesville, Oklahoma, an authorized American Suzuki Motor Corporation (Suzuki) dealer. Bartlesville Cycle Sports sells other manufacturers' motorcycles, including Honda and Yamaha, in addition to Suzuki motorcycles. Kluin sued Suzuki in Neosho County, Kansas, for breach of warranties, express and implied, and violation of the Kansas Consumer Protection Act (KCPA), K.S.A. 50-623 *et seq*. Suzuki responded by

filing a K.S.A. 60-212(b)(2) and (3) motion to dismiss for lack of personal jurisdiction and improper venue. The district court granted the motion to dismiss. Kluin appeals.

We have the appeal under K.S.A. 20-3018(c), a transfer on our own motion.

The controlling question is whether the district court erred in granting Suzuki's K.S.A. 60-212(b)(2) motion to dismiss, concluding that Kansas did not have personal jurisdiction over Suzuki.

We find no error and affirm.

## FACTS

As a prologue to our discussion, we set out the facts by quoting from the district court's memorandum decision. The district court made the following findings of fact:

"Kluin's action arises out of his purchase of a 2000 Suzuki DRZ400S motorcycle on March 11, 2000. Kluin's complaint is that he believes the motorcycle he purchased has a 'lower quality suspension' than it was supposed to have and that he 'can't ride it on bumps' because the carburetor causes the motorcycle to 'hesitate and stall.'

"2. In his Petition, Kluin alleges that he is a resident of Neosho County, Kansas. It is undisputed that he purchased the motorcycle that is the subject of this action from Bartlesville Cycle Sports in Bartlesville, Oklahoma. Likewise, the repairs referenced in his Petition were all performed by the Bartlesville Cycle Sports shop in Bartlesville, Oklahoma. Kluin asserts that he received warranty information from Bartlesville Cycle Sports while he was in Bartlesville, Oklahoma.

"3. Bartlesville Cycle Sports is an Oklahoma corporation wholly unrelated to Suzuki. Bartlesville Cycle Sports is an independently owned and operated dealership authorized to sell Suzuki vehicles like the one purchased by Kluin. None of the independently owned and operated dealerships, including Bartlesville Cycle Sports, are agents of Suzuki.

"4. In his petition, Kluin asserts that '[t]he court has jurisdiction over Suzuki and the subject matter of this action.' He also asserts that, in general, Suzuki manufactures, advertises and sells motorcycles in the state of Kansas.

"5. In response to Suzuki's motion to dismiss, Kluin asserts the following regarding its 'contact' with the state of Kansas: 'Defendant alleges that its only contact with the State of Kansas in connection with plaintiff's claims is plaintiff's review of the defendant's *web site*. This allegation is false. Plaintiff received at his home in Kansas *several motorcycle magazines* with articles on the motorcycle in question, and read the defendant's *advertisements* therein. The defendant knew that the magazine articles it was placing in *nationally distributed publications* would reach potential consumers in the State of Kansas. *Plaintiff*, while in Kansas,

*telephoned* the defendant's authorized Suzuki dealer in *Oklahoma* and asked questions about the motorcycle and was referred to the defendant's web site for additional details, and the dealer faxed to the plaintiff in Kansas some of the defendant's promotional literature about the motorcycle (plaintiff believes the material was substantially the same as the information on defendant's web site).' [Emphasis added by district court.]

"6. In support of its motion to dismiss, Suzuki submitted an affidavit regarding the issue of personal jurisdiction. The affidavit establishes, among other things, that Suzuki:

'Is a California corporation with its principal place of business in Brea, California;

'Is not registered with the Kansas Secretary of State as a foreign corporation conducting business in Kansas and does not have an authorized agent for service of process in Kansas;

'Did not manufacture the motorcycle purchased by Kluin;

'Does not engage in direct sales or advertising in Kansas;

'Does not sell motorcycles on its web site;

'Does not pay taxes in the state of Kansas;

'Does not maintain any bank accounts, books or records in Kansas;

'Has no offices or agents located in Kansas and does not lease or own any real property in Kansas;

'Has no employees currently residing in Kansas;

'Title to all Suzuki products changes from it to independently owned and operated dealerships outside of Kansas;

'All sales of vehicles to the independently owned and operated dealerships are processed outside of Kansas and each dealership pays the cost of transportation of vehicles to it; and

'It does not control, supervise, direct the day-to-day operations of, or have any ownership interest in the independently owned and operated dealerships.

'This affidavit and the certificate of origin are signed by Suzuki's controller, Art Hashima.' "

## The District Court's Conclusions

The district court, after a thorough analysis, concluded that (1) it did not have personal jurisdiction over Suzuki in this case, (2) no "act" occurred in Neosho County, Kansas, and (3) the motion to dismiss for lack of proper venue was moot.

## DISCUSSION

### The Discovery Issue

Kluin questions certain findings of the district court. He argues that the district court failed to give him the benefit of all factual

doubt when considering the motion and erroneously made factual findings on disputed material facts. Kluin served interrogatories and a request for production on Suzuki with his petition. Suzuki neither answered the interrogatories nor produced the requested documents. Suzuki's response was to file the motion to dismiss at issue here. Kluin did not file a motion to compel discovery under K.S.A. 2001 Supp. 60-237.

The district court reasoned that there was sufficient information in the record to decide jurisdiction without additional discovery. On appeal, Kluin contends that the district court should have allowed him to conduct discovery on the questions of (1) "whether the defendant manufactured the motorcycle," (2) "the nature of the defendant's relationship with [Suzuki] dealers," and (3) "the extent of the defendant's business operations" in Kansas.

Suzuki counters that Kluin failed to show how those questions were material to the issue of personal jurisdiction. Suzuki asserts that, in response to its affidavit, Kluin was obligated to produce material facts, not mere "bald assertions," in support of his personal jurisdiction claim.

Control of discovery is entrusted to the sound discretion of the district court. Orders concerning discovery will not be disturbed on appeal in the absence of clear abuse of discretion. *Hill v. Farm Bur. Mut. Ins. Co.*, 263 Kan. 703, 704, 952 P.2d 1286 (1998).

Counsel's respective positions on jurisdiction were supported by written submissions and oral argument presented to the district court in a telephone conference.

Although the affidavits of Kluin and Suzuki conflicted regarding whether Suzuki was the manufacturer of the motorcycle, this factual dispute is resolved in Kluin's favor. See *In re Hesston Corp.*, 254 Kan. 941, 954, 870 P.2d 17 (1994). Suzuki extended the warranty Kluin was suing on. (Although no express warranty is in the record, counsel for Suzuki agreed during argument below that one was given by Suzuki.)

With regard to dealings with retailers purchasing motorcycles, Suzuki's affidavit indicated that the titles to the Suzuki motorcycles were transferred outside of Kansas and that sales of vehicles to dealerships were processed outside of Kansas. It was undisputed

here that Kluin purchased the motorcycle from the Oklahoma dealership, not from Suzuki, and that the Oklahoma dealership sells several different brands of motorcycles, including Suzuki. The certificate of origin for the motorcycle showed the first transfer of the new vehicle from "American Suzuki Motor Corporation" to Bartlesville Cycle Sports in Oklahoma. Kluin alleges he returned to Bartlesville Cycle Sports "more than once" for warranty repairs on his cycle although there are authorized Suzuki dealers in Kansas. A printout of the Suzuki web page in the record confirmed Kluin's assertion in his affidavit that there were authorized Suzuki dealers in Kansas.

The question of whether jurisdictional discovery is warranted depends on the facts of each case. It has been held that leave for jurisdictional discovery is properly denied where the plaintiff does not show that facts exist which would warrant the denial of the defendant's motion to dismiss for lack of jurisdiction. See *Mello v. Giliberto*, 73 S.W.3d 669, 674 (Mo. App. 2002) (plaintiff did not allege facts to support jurisdiction; not entitled to discovery); *De Capriles v. Lopez Lugo*, 293 App. Div. 2d 405, 740 N.Y.S.2d 623 (2002) (leave for jurisdictional discovery was properly denied); *cf. Kansas Food Packers, Inc. v. Corpak Inc.*, 192 F.R.D. 707, 708-09 (D. Kan. 2000) (reversed for discovery based on insufficient evidence to determine whether conduct fell within Kansas long arm statute).

A review of the transcript of the oral argument before the district court reflects that counsel disagreed on which interrogatories, if answered, would touch on jurisdiction. Suzuki contended the questions were too broad, and Kluin argued the contrary position. Kluin inquired of the district judge, "And are you permitting us to do some interrogatory questions to them or —." The judge responded: "Well, I think . . . until this Court has jurisdiction we're going to have to decide this based upon the information that's available to us. And I think there is sufficient information without additional discovery. Anything else?" Suzuki's counsel replied, "Nothing from me, Your Honor." And Kluin said, "No, Your Honor."

Although the above discussion between court and counsel suggests Kluin may have acquiesced in the district judge's decision

regarding the discovery issue, Suzuki does not advance that argument. We conclude the district judge did not abuse his discretion in resolving Suzuki's motion to dismiss based on the record before him.

## Personal Jurisdiction

Before addressing Kluin's contention of error in dismissing his claims for lack of personal jurisdiction, we set out our standards for reviewing personal jurisdiction questions. Kluin bears the burden of establishing personal jurisdiction over Suzuki. However, here, Suzuki's motion to dismiss was decided before trial on the basis of the pleadings, the petition, affidavits, and other written materials. Thus, Kluin need only make a prima facie showing. The allegations in the petition must be taken as true to the extent they are uncontroverted by Suzuki's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in Kluin's favor. *In re Hesston Corp.*, 254 Kan. at 954-55. Because we are ruling on a motion to dismiss, we accept the factual assertions in Kluin's affidavit; *i.e.*, Suzuki was the cycle manufacturer, Suzuki gave a warranty of some type, and Suzuki has at least five dealerships in Kansas.

Our task is to decide whether Kluin's allegations, as supported by his affidavit, make a prima facie showing necessary to exercise jurisdiction over Suzuki. We review the district court's ruling de novo. *In re Hesston Corp.*, 254 Kan. at 954-55.

Kluin characterizes the following as Kansas contacts: (1) access to Suzuki's web site (while in Kansas, he read on-line articles and advertisements), (2) access to advertisements and articles about the cycle in motorcycle magazines received at his home, (3) his telephoning the dealership in Oklahoma (he asked questions and was referred to Suzuki's web site for additional details), (4) the Oklahoma dealer faxed him some of Suzuki's promotional material that was substantially the same as the information on Suzuki's web site, (5) the presence of at least five authorized Suzuki dealerships located in Kansas, (6) the warranty he received in Oklahoma, and (7) the warranty repairs performed in Oklahoma. Without sharing any supporting authority, Kluin's position is that his Kansas resi-

dency is sufficient to give Kansas jurisdiction over Suzuki on his breach of express warranty claim.

The process of determining whether a Kansas court has personal jurisdiction involves a two-step analysis. First, the court decides if there is jurisdiction under K.S.A. 60-308(b), the Kansas long arm statute. Second, if 60-308(b) is satisfied, the court inquires if the exercise of personal jurisdiction complies with the due process requirements of the Fourteenth Amendment to the United States Constitution. K.S.A. 60-308(b) is to be liberally construed to assert personal jurisdiction over nonresident defendants to the full extent permitted by the Due Process Clause of the United States Constitution. *St. Paul Surplus Lines Ins. Co. v. International Playtex, Inc.*, 245 Kan. 258, 263, 777 P.2d 1259 (1989), *cert. denied* 493 U.S. 1036 (1990). For an informative survey of K.S.A. 60-308(b) cases, see Leben and Hinderks, *Long Arm Jurisdiction in Kansas*, 62 J.K.B.A. 26 (May 1993).

Kluin appears to rely on the first step of the analysis, arguing that personal jurisdiction was proper under K.S.A. 60-308(b). For a helpful discussion of the difference in approach between one- and two-step jurisdictions, see 1 Casad Jurisdiction in Civil Actions § 4-1(b) (3d ed. 1998). Because we find an insufficient basis for personal jurisdiction under K.S.A. 60-308(b), we need not reach a step-two constitutional analysis.

Kluin's petition did not allege any specific theories of long arm jurisdiction. However, in his response to Suzuki's motion to dismiss, he cites subsections (b)(1), (b)(2), and (b)(5) of K.S.A. 60-308, which provide, in part:

"(b) Any person, whether or not a citizen or resident of this state, who in person or through an agent or instrumentality does any of the acts hereinafter enumerated, thereby submits the person . . . to the jurisdiction of the courts of this state *as to any cause of action arising from the doing of any of these acts*:

(1) Transaction of any business within this state;

(2) commission of a tortious act within this state;

. . . .

(5) entering into an express or implied contract, by mail or otherwise, with a resident of this state to be performed in whole or in part by either party in this state." (Emphasis added.)

We next consider each K.S.A. 60-308(b) subsection relied on by Kluin.

*K.S.A. 60-308(b)(1) - Transaction of Business Within the State*

There are three factors which must coincide if jurisdiction is to be entertained over a nonresident on the basis of the transaction of business within the state: (1) The nonresident must purposefully do some act or consummate some transaction in the forum state; (2) the claim for relief must arise from, or be connected with, the act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend the traditional notions of fair play and substantial justice. *St. Paul Surplus Lines Ins. Co.*, 245 Kan. at 264.

Kluin asserts that transacting business within Kansas would include Suzuki's (1) entering into contracts with at least five dealerships, (2) the sale of Suzuki motor vehicles and spare parts to dealers, (3) the new vehicle warranty, (4) performance of warranty work, and (5) soliciting Kansas customers through advertisements and Internet web sites. He acknowledges that "such activities alone have been deemed inadequate to support jurisdiction by some courts."

It appears that Kluin, by referencing the existence of authorized Suzuki dealerships in Kansas in his affidavit filed below and in his brief on appeal, is asserting that jurisdiction exists under the doctrine of "general jurisdiction." There is a difference between "general jurisdiction" and "specific jurisdiction." Specific jurisdiction arises when the specific acts of the defendant related to the plaintiff's claim evidence purposeful activity toward the forum state. *Doe v. National Medical Services*, 974 F.2d 143, 145 (10th Cir. 1992). The claims against the defendant arise out of defendant's contacts with the forum state. *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996). General jurisdiction exists "when the defendant's contacts with the forum state are so 'continuous and systematic' that the state may exercise personal jurisdiction" even when the claims are *"unrelated* to the defendant's contacts with the [forum] state. [Citation omitted.]" (Emphasis added.) *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir. 1996).

K.S.A. 60-308(b) is limited to cases of "specific" jurisdiction; *i.e.*, cases arising from a defendant's contacts with Kansas. See 1 Gard's and Casad's Kansas C. Civ. Proc. 3d Annot. § 60-308, Art. 1-28 (1997).

In *Three Ten Enterprises, Inc. v. State Farm Fire & Cas. Co.*, 24 Kan. App. 2d 85, 942 P.2d 62, *rev. denied* 262 Kan. 970 (1997), the Court of Appeals held that the district court erred in applying the doctrine of general jurisdiction. It noted that "general jurisdiction" is a due process concept which "does not excuse a plaintiff who invokes the jurisdiction of Kansas state courts from satisfying the statutory test for long arm jurisdiction under 60-308(b)." 24 Kan. App. 2d at 89. The *Three Ten* court observed that the legislature could enact a statute providing for general jurisdiction, but it has not done so. Therefore, K.S.A. 60-308(b) does not provide for the exercise of general jurisdiction by Kansas courts. 24 Kan. App. 2d at 91. We note that State Farm Fire & Casualty Company (State Farm), the defendant, was apparently served under K.S.A. 40-218, a statute requiring foreign insurers to consent in advance to jurisdiction in certain situations. Three Ten failed to argue jurisdiction under 40-218, and the *Three Ten* court did not address service under 40-218. See *Novak v. Mutual of Omaha Ins. Co.* 29 Kan. App. 2d 526, 530, 28 P.3d 1033, *rev. denied* 272 Kan. 1419 (2001).

For jurisdiction to exist under subsection (b)(1) of 60-308, there must be a nexus between the transaction of business and the alleged claim. The nexus requirement has been endorsed by our previous cases. *Land Manufacturing, Inc. v. Highland Park State Bank*, 205 Kan. 526, 470 P.2d 782 (1970), reviewed a K.S.A. 60-308(b)(1) long arm challenge to a personal judgment entered against the Chase Manhattan Bank of New York (Bank), a nonresident corporation, as garnishee. The district court found personal jurisdiction over the Bank. We reversed. The claim for relief asserted against the Bank as a garnishee neither arose from nor was connected with the act or transaction by which the Bank submitted to the Kansas court's jurisdiction; *i.e.*, the transaction of business with corresponding Kansas banks. 205 Kan. at 530-31.

*Land Manufacturing* is instructive here because Kluin claims Suzuki transacts business in Kansas under K.S.A. 60-308(b)(1) by selling cycles from at least five authorized, independent dealers in Kansas. (We discuss Kluin's additional claims of Kansas contacts, the web site, magazine articles and advertisements, and his phone calls to Oklahoma later in our opinion.) Land Manufacturing, Inc., claimed the Bank had representatives designated to handle its affairs in Kansas and that it engaged in the banking business through corresponding Kansas banks. In *Land Manufacturing*, we reasoned that to establish jurisdiction, the claim for relief must arise from or be connected with the act or transaction. We said:

"If process under K.S.A. 60-308(b)(1) is to have the effect of personal service the claim for relief must arise from, or be connected with, the act or transaction by which the nonresident submitted to the jurisdiction of the court.

"Assuming The Chase Manhattan Bank was transacting business in Kansas through corresponding banks there was no showing in this case that the claim for relief arose from such transaction of business with corresponding banks." 205 Kan. at 530.

Here, Kluin has not alleged that his claim for relief arose from a Kansas sales transaction with Suzuki.

In *Schlatter v. Mo-Comm Futures, Ltd.*, 233 Kan. 324, 662 P.2d 553 (1983), we again reversed a district court that found personal jurisdiction over nonresident defendants. We said:

"The statute [K.S.A. 60-308(b)] specifically requires that the transaction of business or the commission of a tortious act must be in connection with the cause of action in question. In other words, the activities of Kircher and Johnmeyer [defendants] must have been in connection with the sale of the limited partnership interests to the plaintiffs. The fact that Johnmeyer may have taken construction jobs in Kansas in connection with his construction business or that both defendants had other investments in Kansas have no bearing upon the question of whether the defendants were transacting business in Kansas when the corporation, through its salesman, sold the securities to plaintiffs." 233 Kan. at 334.

Returning to *Three Ten Enterprises*, we note State Farm argued on appeal lack of personal jurisdiction because Three Ten's claim did not arise from the transaction of any business in Kansas as required by K.S.A. 60-308(b)(1). Three Ten was a Kansas limited partnership. State Farm was a foreign corporation authorized to do business in Kansas. A Three Ten employee in Nebraska stole

money from Three Ten's premises in Nebraska. State Farm insured Three Ten under the employee dishonesty provisions of its business policy. The policy was issued through State Farm's office in Nebraska. The *Three Ten* court said: "While pointing out that State Farm does transact business in Kansas, Three Ten makes no claim that its cause of action arises out of State Farm's Kansas business activities." 24 Kan. App. 2d at 88. *Three Ten* continued: "The fact that 60-308(b) is to be liberally construed does not mean that the courts are to ignore the statutory requirement that the cause of action arise from the defendant's doing of one or more of the enumerated acts in this state." 24 Kan. App. 2d at 91. We agree.

Kluin's claims did not arise out of alleged contacts with dealerships in Kansas. Kluin purchased the motorcycle from Bartlesville Cycle Sports in Oklahoma. The warranty repairs referenced in Kluin's petition were performed by Bartlesville Cycle Sports in Oklahoma.

The district judge here, in finding a lack of personal jurisdiction over Suzuki, relied on *Solomon v. American Suzuki Motor Corp.*, 1989 WL 106823 (D. Kan 1989.) (*Solomon I*), saying in his memorandum ruling: "Another Kansas court has previously addressed this issue and determined that Suzuki was not subject to personal jurisdiction in Kansas."

Solomon was a Kansas resident. While in Aruba to attend a business meeting, he leased a Suzuki Samurai from Marco's Car Rental, which in turn allegedly purchased rental cars from Carib Motors, an Aruban business engaged in the distribution of vehicles purchased in Florida. Solomon's complaint filed in the United States District Court for the District of Kansas alleged that the Samurai was defective, that he suffered personal injury when the car overturned in Aruba, and that Suzuki was transacting business in Kansas. *Solomon I* found that Suzuki's conduct did not provide a basis for jurisdiction under K.S.A. 60-308(b)(1). *Solomon I* noted that "there must be some causal connection between the enumerated act under the long-arm statute and plaintiff's cause of action such that *but for* defendant's transaction of business in Kansas, plaintiff's injuries would not have occurred." 1989 WL 106823 at 2. Solomon's injuries arose from an accident in Aruba. The court found

that Solomon failed to allege a causal connection between any business activity Suzuki may or may not have conducted in Kansas and his injuries. 1989 WL 106823 at 2.

Later, in *Solomon v. American Suzuki Motor Corp.*, 1990 WL 11114 (D. Kan. 1990) (*Solomon II*), Suzuki moved for sanctions against Solomon and his counsel. Solomon had asserted in *Solomon I*, as Kluin does here, that personal jurisdiction was based upon his Kansas residence and because his "decision to rent the Suzuki was prompted by plaintiff's exposure to advertisements for the Suzuki Samurai while in Kansas." 1990 WL 11114 at 1.

Although the district judge here discussed *Solomon I* at length in his memorandum decision, Kluin does not mention the case in his brief on appeal.

The facts here do not support personal jurisdiction under K.S.A. 60-308(b)(1).

### K.S.A. 60-308(b)(2) and The Kansas Consumer Protection Act

Kluin also claims personal jurisdiction over Suzuki under K.S.A. 60-308(b)(2), which provides for jurisdiction based upon the "commission of a tortious act within this state."

Kluin asserts that the commission of a "tortious act" under K.S.A. 60-308(b)(2) would include a violation of the KCPA.

K.S.A. 50-638(a) says:

"Any supplier, whether or not a resident or citizen of this state, who in person or through an agent or an instrumentality, engages in a consumer transaction in this state, thereby submits the supplier to the jurisdiction of the courts of this state as to any cause of action arising from such consumer transaction."

K.S.A. 50-626(a) prohibits a "supplier" from engaging in any deceptive act or practice in connection with a consumer transaction." The KCPA defines "supplier" as a "manufacturer, distributor, dealer, seller, lessor, assignor, or other person who, in the ordinary course of business, solicits, engages in or enforces consumer transactions, whether or not dealing directly with the consumer." K.S.A. 50-624(j). A "consumer transaction" is a "sale, lease, assignment or other disposition for value of property or services within this state . . . to a consumer; or *a solicitation by a supplier with*

*respect to any of these dispositions.*" (Emphasis added.) K.S.A. 50-624(c).

Kluin contends that a "solicitation" in this case would include magazine advertisements and Internet web site information. He would also include in the definition of "solicitation" the promotional literature that was disseminated to a Kansas resident by telephone and fax from an authorized Suzuki dealer. The KCPA defines a "consumer telephone call" as "a call made by a telephone solicitor to the residence of a consumer for the purpose of soliciting a sale of any property or services . . . ." K.S.A. 2001 Supp. 50-670(a)(1).

Kluin cites *Watkins v. Roach Cadillac, Inc.*, 7 Kan. App. 2d 8, 637 P.2d 458 (1981), *rev. denied* 230 Kan. 819 (1982), arguing that the sale of property to a Kansas consumer does not have to take place within the state of Kansas. We agree. However, Kluin's reliance on *Roach Cadillac* is misplaced. *Roach Cadillac* is readily distinguishable from the facts here and thus does not advance Kluin's argument. Personal jurisdiction over a nonresident defendant is determined on a case-by-case basis. *Schlatter*, 233 Kan. at 336. *Roach Cadillac* involved a significantly different fact situation from that of Kluin's Oklahoma purchase.

A review of the facts in *Roach Cadillac* is appropriate. Watkins was a resident of Prairie Village, Kansas, a city on the Kansas-Missouri state line. Roach Cadillac was a Missouri corporation with its place of business across the state line in Kansas City, Missouri. A portion of Roach Cadillac's business premises was located in Kansas. Cars were parked and displayed to customers on the Kansas side of the state line.

Roach Cadillac advertised over a Kansas City, Missouri, radio station and in a Kansas City, Missouri, newspaper, soliciting customers to lease its vehicles. In response to this advertising, Watkins leased a Cadillac. He was shown the car as it was parked in Kansas. The salesman took Watkins on a test drive in Kansas, explaining various features of the Cadillac while on the test drive. A substantial number of statements in solicitation of the lease were made in Kansas.

Several days after the test drive, Watkins completed the lease transaction while sitting in the Roach Cadillac Missouri office. A few months after taking delivery of the car in Missouri, Watkins noticed cracking paint. He discovered that the car had been partially repainted. He sued Roach Cadillac under the KCPA. *Roach Cadillac* held that the solicitations for the lease occurred in Kansas, the Cadillac was shown and test driven in Kansas, and the KCPA applied. 7 Kan. App. 2d at 13.

Here, Kluin telephoned Bartlesville Cycle Sports in Oklahoma and spoke to a salesperson. In response, the salesperson told Kluin about the Suzuki motorcycle and faxed information to him. Neither the Oklahoma dealership nor Suzuki solicited Kluin in Kansas by phoning him or sending him an unsolicited fax.

In his affidavit, Kluin asserted that he acquired information in Kansas about the Suzuki motorcycle on Suzuki's web site and that he read, in Kansas, advertisements and cycle articles in various motorcycle magazines.

Kluin, in his appellate brief, asserts that Kansas has jurisdiction over his KCPA claim because of Suzuki's misrepresentations. "The solicitations and dissemination of false information occurred while plaintiff was located in Neosho County, Kansas."

The district court noted that an Internet advertising claim was rejected in *Bensusan Restaurant Corp. v. King*, 937 F. Supp. 295 (S.D.N.Y. 1996), *aff'd* 126 F.3d 25 (2d Cir. 1997). In *Bensusan Restaurant*, the sole issue was whether the existence of a web site, without anything more, was sufficient to give the court jurisdiction under New York's long arm statute and the Due Process Clause of the United States Constitution. *Bensusan Restaurant* held that the "mere foreseeability of an in-state consequence and a failure to avert that consequence is not sufficient to establish personal jurisdiction." 937 F. Supp. at 300. The creation of a web site with a telephone number permitting the user to order tickets was not an offer to sell the product in New York for the purposes of the "tortious act" provision in the state's long arm statute. See 937 F. Supp. at 299-300.

*Rainy Day Books v. Rainy Day Books & Caf*, 186 F. Supp. 2d 1158 (D. Kan. 2002), provides an interesting discussion on the

question of Internet contacts and personal jurisdiction. A web site where Kansans could buy books through a "virtual store" by clicking on a bookstore link was sufficient contact to exercise personal jurisdiction. *Rainy Day* discusses the "sliding scale" for Internet use described in *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp 1119, 1124 (W.D. Pa. 1997). (The "scale" moves from an interactive web site like the one in *Rainy Day*, to a middle category where a user can exchange information with a host computer, to the passive-type web site which makes information available to those who are interested in it.) Suzuki's web site is passive. Personal jurisdiction is not appropriate when Internet use involves a passive web site. *Rainy Day*, 186 F. Supp. 2d at 1163 (citing *Soma Medical Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1296-97 [10th Cir. 1999]).

Suzuki supports its contention that national advertisements and web sites do not generally provide the basis for personal jurisdiction by relying on *Fid. & Cas. Co. v. Philadelphia Resins*, 766 F.2d 440, 446-47 (10th Cir. 1985), *cert. denied* 474 U.S. 1082 (1986) (advertisement in national journal not sufficient to show purposeful availment); *SF Hotel Company, L.P. v. Energy Investments, Inc.*, 985 F. Supp. 1032, 1034-35 (D. Kan. 1997) (passive web site did not provide basis for personal jurisdiction); *P.A.T. Co. v. Crimtec Corp.*, 1993 WL 257094 (D. Kan.1993) (advertisements in national publications sent to Kansas not sufficient to establish minimum contacts). Other cases have supported the notion that merely advertising from one forum to another is not sufficient to provide personal jurisdiction. See *Origins Natural Resources, Inc. v. Kotler*, 133 F. Supp. 2d 1232, 1236-37 (D.N.M. 2001); *Mallinckrodt Medical v. Sonus Pharmaceuticals*, 989 F. Supp. 265, 272 (D.D.C. 1998). Neither Suzuki's passive web site nor its advertisements and articles in national magazines provide sufficient Kansas contacts to support personal jurisdiction over Suzuki under the facts here.

Kluin cites *Pavlovich v. Superior Court*, 91 Cal. App. 4th 409, 109 Cal. Rptr. 2d 909 (Cal. App. 2001), but that opinion was withdrawn from the official reporter by the California Supreme Court, which granted review December 12, 2001; see 114 Cal. Rptr. 2d 611, 36 P.3d 625 (Cal. 2001).

Kluin also relies on *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 675 N.E.2d 584 (1996), to support his contention that misrepresentations in promotional literature may provide a basis for a consumer protection claim. In *Connick*, purchasers of Suzuki Samurai sport utility vehicles, and residents of Illinois, Pennsylvania, and New Jersey, filed a variety of claims in Illinois after a consumer watchdog organization gave the Samurai a "not acceptable" rating. 174 Ill. 2d at 488. As the district judge observed, *Connick* is not a jurisdiction case and, thus, is not helpful to the discussion here.

In contrast to *Connick*, *DeSantis v. Hafner Creations, Inc.*, 949 F. Supp. 419 (E.D. Va. 1996), a patent infringement suit, declined to find personal jurisdiction by commission of a tortious act under the Virginia long arm statute where an alleged patent infringer advertised a product in a nationally distributed publication. The product, a "quick draw" waist pack designed to hold a handgun, was advertised in "Shotgun News," a nationally circulated publication with about 3,300 individual subscribers in Virginia. The advertisement occurred on two or three occasions from September 1995 through October 1995 and did not amount to "regular solicitation" of business in Virginia under the long arm statute. 949 F. Supp. at 425.

Kluin's case is distinguishable from *Connick* and *DeSantis*. The KCPA requires that the defendant engage in a "consumer transaction" in Kansas. Here, Kluin fails to point to any evidence of a consumer transaction between Suzuki and Kluin in this state. Kluin purchased the motorcycle from Bartlesville Cycle Sports in Oklahoma and had warranty service in Oklahoma.

The KCPA does not apply.

### K.S.A. 60-308(b)(5)

Kluin also asserts that personal jurisdiction was acquired under K.S.A. 60-308(b)(5), which provides for jurisdiction based upon "entering into an express or implied contract . . . with a resident of this state to be performed in whole or in part by either party in this state." In his response to Suzuki's motion to dismiss, Kluin argued that Suzuki issued an express warranty to him. The district court found that this was apparently Kluin's basis for his assertion

that 60-308(b)(5) applied. The district court noted that there was no evidence that the warranty was "performed" in Kansas. In his brief, Kluin merely argues that such a warranty "may be performed" in Kansas. He reasons that when a Kansas resident purchases a new Suzuki cycle from an authorized Suzuki dealer, where the dealer is located makes no difference. He cites no authority to support his argument. The warranty was issued in Oklahoma and all warranty service was performed in Oklahoma. The warranty Kluin relies on is not in the record. We have no warranty language to review. Based on the record before us, Kluin fails to show that the warranty was entered into in Kansas or performed in whole or in part in Kansas. Thus, there was no basis for personal jurisdiction under K.S.A. 60-308(b)(5).

The "contacts" here (accessing the web site, reading advertisements and articles, and the phone calls to the cycle shop in Oklahoma) were unilateral contacts initiated by Kluin, not contacts from Suzuki. Also, the only conversation alleged by Kluin was initiated by him and directed toward someone at the dealership in Oklahoma. Minimum contacts for exercising personal jurisdiction cannot be established by the unilateral activity of the plaintiff. See *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1092 (10th Cir. 1998).

### Venue

The district court found that Suzuki's motion to dismiss for lack of proper venue was moot because of its decision to dismiss for lack of personal jurisdiction. We agree.

Affirmed.

LARSON, S.J., assigned.